Hayes *et al. vs.* Little.

WILLIAM HAYES *et al.,* plaintiffs in error, *vs.* JOHN H. LITTLE, administrator, defendant in error.

Suit was brought in the county court of Franklin county, to the July term, 1867, against a principal and two sureties, on a promissory note.   At the January term, 1868, no defense being filed, a verdict was taken, but no judgment entered.   At the April term, 1874, of Franklin superior court, the defendants were called upon by a rule *nisi* to show cause why judgment should not be signed upon said verdict *nunc pro tunc.*   The defendants, in response thereto, set up several grounds, and amongst others, the sureties objected that from plaintiff's *laches* and refusal to sign a judgment, their risk and liability had been thereby increased, their principal having become insolvent, and any right of lien against his property lost.   On demurrer, the court overruled the defendant's objections :

*Held,* that whilst the court was right in sustaining the demurrer as to the principal debtor, there was error in its judgment so far as it concerns the sureties.

Judgments.   Principal and security.   Before Judge RICE.
Franklin Superior Court.   April Term, 1874.

This case is reported in the above head-note.

SPEER & THOMAS, for plaintiffs in error.

S. P. THURMOND, by J. F. LANGSTON, for defendant.

TRIPPE, Judge.

There was no error in the judgment of the court sustaining the demurrer as to the principal defendant. As to the sureties the case comes within the principle asserted in *Toomer vs. Dickerson*, 37 *Georgia*, 428. In that case it was held that the failure of the creditor to record in this state a mortgage given by the principal debtor, as by the law it was specially necessary he should do to preserve his lien, it being a mortgage executed in South Carolina on property subsequently removed to Georgia, discharged the security. The Code says, section 2154, "any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, will discharge him," etc. Was not the failure or refusal of the plaintiff to enter judgment whereby a lien would have been created on all the property of the principal, as great an omission of duty required by law, or an act coming as fully within the purview of the Code, as the failure of the creditor to record his mortgage. Nobody but the plaintiff could enter the judgment. As long as the case stood on the docket, either party had the right to demand a trial and disposition of it at and after the second term of the court. The sureties could have forced a dismissal of the suit, or compelled the plaintiff to have taken a verdict. Up to that point the court had full control over the case, and would have exercised its power on motion of the defendants, as well as of the plaintiff. If the defendants had permitted it to so remain on the docket, without moving in it, they could not complain of plaintiff's inaction—for "negligence to prosecute with vigor his legal remedies, unless for a consideration, does not release the surety:" Code, section 2154. But when a verdict was taken the court had no authority to compel the plaintiff to sign judgment. He had four days after the adjournment of the court in which to do this. Neither the court or the defendants could interfere. It was a duty cast by law on the plaintiff to enter up judgment. And when he fails, as did this plain-

tiff, and six years afterwards, when the principal debtor has become insolvent, and all right of lien on his property lost by the creditor's default, the sureties have the right to set up these facts as a ground for discharge.

Judgment reversed.