## Bowers, guardian, v. Kanaday.

94   209
128   132

A minor who has sufficient discretion not only to understand an oath
and its obligation, but to form and entertain a rational opinion as
to his own rights and interests, is competent to make an affidavit
verifying a petition for *certiorari* brought for him by a guardian *ad
litem*, and in the affidavit he may depose to his own inability, by
reason of poverty, to pay costs and give security. The minor be-
ing the real party, and the guardian *ad litem* his representative,
the letter of the statute (Code, §4056) is not quite adjusted to the
precise case; and hence, an affidavit made by either could be re-
garded as a substantial compliance with its requirements.
July 30, 1894.

*Certiorari.* Before Judge Wellborn. Lumpkin su-
perior court. October term, 1893.

M. G. Boyd and W. S. Huff, by J. J. Kimsey, for plain-
tiff in error. J. W. H. Underwood, *contra.*

Lumpkin, Justice.

An execution in favor of Kanaday was levied upon a
yoke of oxen as the property of L. Greenman. A claim
was interposed by Bowers, as guardian *ad litem* of
William A. Greenman, a minor about twenty years of
age, alleging that the property belonged to the latter.
On the trial the property was found subject, and Bowers,
as such guardian *ad litem*, sued out a writ of *certiorari.*
The petition was verified by the oath of William A.
Greenman *in forma pauperis.* The court, on motion,
dismissed the *certiorari* upon the ground that the oath
verifying the petition was not made by Bowers.

This was error. William A. Greenman was the princi-
pal witness in his own behalf upon the trial of the case.
His evidence, as brought up in the record, in connection
with the fact that he had nearly attained his majority,
shows with certainty that he had sufficient discretion
not only to understand an oath and its obligation, but
to form and entertain a sensible opinion as to his own
rights and interests. He being the real party claimant,
v 94-14

we think he was competent to verify the petition for *certiorari*, although it was brought for him by his guardian *ad litem*. Indeed, it would seem that the young man himself was better qualified than any other person to depose concerning his inability, by reason of poverty, to pay the costs and give security, and no reason occurs why he should not likewise be regarded as competent to make the general verification of the petition required by statute.

This view is entirely consistent with the ruling of this court in *Hadden* v. *Larned*, 83 *Ga.* 636, holding that a claim may be interposed under the act of 1870 upon an affidavit *in forma pauperis* made by the claimant himself, but not upon a like oath made by his agent. In the case before us, as has been shown, the affidavit was in fact made by the real claimant, and he was old enough and intelligent enough to make it advisedly. Had he been a child of tender years, and for that reason incompetent to depose as to the facts contained in the affidavit, it would have been more appropriate for the verification to be made by the guardian *ad litem*. The truth is, the language of section of 4056 of the code is not precisely adjusted to a case like the present, and in view of the facts, we think the verification by the minor was a substantial compliance with its requirements.

*Judgment reversed.*