## HALL *v.* PRATT.

1. An accommodation indorser of a promissory 'note, sued jointly with the maker thereof, was not discharged merely because the plaintiff, after an entry of "default" had been made upon the judge's docket, permitted one or more terms to elapse before entering up a final judgment in the case.
2. Though in such case the principal filed no plea, and therefore could not be adjudged liable for attorney's fees, yet if the note sued on stipulated for

the payment of such fees in case it should be collected by law, the indorser, by filing and failing to sustain a plea whereby he sought to be discharged, became liable for the payment of such fees.

Argued December 10, 1897. — Decided January 10, 1898.

Complaint on notes. Before Judge Berry. City court of Atlanta. May term, 1897.

*Glenn & Rountree*, for plaintiff in error.
*W. D. Ellis, Jr.*, and *Ellis & Gray*, contra.

LUMPKIN, P. J. On October 15, 1895, an action was brought in the city court of Atlanta, by Pratt against Kirby as maker, and Hall as indorser, upon two promissory notes signed by Kirby and payable to the order of Hall, who indorsed the same for accommodation only. It is not disputed that on the call of the appearance-docket at the November term, the plaintiff, under the law and the rules of practice obtaining in the city court, was entitled to take a judgment against both defendants, no plea having been filed by either. In point of fact, no final judgment was taken at that term, but the judge simply made an entry of "default" upon the docket. On the 6th of January, 1896, Hall, the indorser, filed a plea in which he set up the following defense: The case was in default at the November term of the city court, which was the return term thereof, and the plaintiff had then the right to enter up a judgment, and it was his duty to do so. During that term the plaintiff entered into a binding contract with Kirby, the maker of the notes, by the terms of which it was agreed that the status of the case should remain the same until the January term of the court. This agreement has been carried out and no judgment has as yet been entered. The fact that Hall was an accommodation indorser was fully known to the plaintiff. At the time the plaintiff would have been entitled to enter final judgment Kirby was solvent, but has since become insolvent; and consequently the failure of the plaintiff to enter final judgment at the November term injured the defendant Hall by increasing his risk and exposing him to greater liability, and he therefore contends that he is discharged. There was a verdict for the plaintiff. No evidence was introduced at the trial tending to show that

Pratt, the plaintiff, had made any contract or agreement with Kirby to let the case stand upon the docket until the January term. It simply appeared that he had failed to enter up judgment at the November term. The evidence relating to Kirby's alleged solvency at that term, and his subsequent insolvency, was by no means clear; nor do we regard this feature of the case as at all material. Assuming Hall's contention in this respect to have been the truth of the matter, the simple question is: Did the mere failure of the plaintiff to enter a final judgment at the first term when he was entitled to do so discharge the indorser? We think not. At most, it was only a forbearance, without consideration, on the part of Pratt to pursue with vigor his legal remedy against Kirby, and this alone will not discharge a surety. Civil Code, § 2972. The plaintiff in error relied upon the decision of this court in *Hayes* v. *Little*, 52 *Ga.* 555, and others of somewhat similar import. In the case just cited, it was held that where a plaintiff at a given term of the court took a verdict against a principal and sureties, but failed for several terms to enter a judgment thereon, the principal in the meantime becoming insolvent, the sureties were discharged. This case proceeded upon the theory that after the verdict had been taken, the court had no further control of the action; and nothing remaining to be done except for the plaintiff or his attorney to enter up judgment, a failure to do so, resulting in injury to the sureties, was good cause for their discharge. We are not disposed to extend further the doctrine there laid down. At any rate, it is not applicable to the case now in hand. The mere making of the entry of "default" did not take the case from the power of the court. There was still something for it to do. Indeed, it was the right of the indorser, Hall, to press the case to final determination. He could at the November, or at any succeeding, term, have insisted that it either be dismissed for want of prosecution, or that final judgment be entered, or he could have paid off the notes and obtained complete control of the action. The opinion in the *Hayes* case, supra, itself recognizes the distinction between the question then under consideration and that with which we are now dealing. After remarking that "nobody

17

but the plaintiff could enter the judgment" upon the verdict, Judge Trippe says (p. 556): "As long as the case stood on the docket, either party had the right to demand a trial and disposition of it at and after the second term of the court. The sureties could have forced a dismissal of the suit, or compelled the plaintiff to have taken a verdict. Up to that point the court had full control over the case, and would have exercised its power on motion of the defendants, as well as of the plaintiff. If the defendants had permitted it to so remain upon the docket, without moving in it, they could not complain of plaintiff's inaction; for 'negligence to prosecute with vigor his legal remedies, unless for a consideration, does not release the surety.'" We are therefore of the opinion that Hall's defense was without merit.

One other question arose. Each of the notes sued on contained a stipulation for the payment of attorney's fees in case it should be collected by law. In the verdict rendered, the jury found for the plaintiff against both of the defendants the principal and interest due upon the notes, and also a stated sum as attorney's fees against the defendant Hall alone. He insists that so much of the verdict as relates to attorney's fees is contrary to law, because "the principal not being liable for attorney's fees, no plea having been filed by him, the surety's liability can not be greater than his principal's." All contracts to pay attorney's fees incorporated in promissory notes or other evidences of indebtedness must be construed in the light of section 3667 of the Civil Code, which by operation of law constitutes a part of all such contracts, and renders them void "unless a plea or pleas be filed by the defendant and not sustained." A promissory note, therefore, which stipulates for the payment of attorney's fees in the event of its collection by law, must be construed as if it embraced a condition to the effect that such promise is not to be binding unless the maker of it files a plea or pleas and fails to sustain the same. Therefore, in the present case, the contract made by Kirby was to pay to the order of Hall a stated number of dollars, and in addition thereto a certain amount of attorney's fees in case of suit, provided Kirby made an unsuccessful defense. As he made

no defense at all, he was clearly not liable for attorney's fees. In indorsing the notes to Pratt, Hall contracted for the payment of the principal and interest in case the same were not paid by Kirby, and also undertook and promised on his part the payment of attorney's fees in the event he filed and failed to sustain a plea. This, we think, is the meaning and effect which should be given to the contracts of indorsement entered into by Hall upon these promissory notes. The promise as to attorney's fees was a separate and distinct undertaking on his part, and his liability to perform it was in law binding upon him in case he made an unsuccessful defense in resistance to the plaintiff's action. As has been seen, he did file a plea which proved to be without merit, and we therefore see no good reason why the verdict and judgment against him should not properly include the amount due for the attorney's fees. To hold otherwise would enable any surety who had promised to pay such fees to file a plea or pleas totally without merit, thus putting the plaintiff to unnecessary delay and expense, and yet escape liability for attorney's fees in the event his principal made no defense against the action. We do not believe this to be the true policy of our law with respect to this matter; for while the act of July 22, 1891, now embodied in the section of the code last cited, made a very great innovation upon the law in existence at the time of its passage, with reference to contracts for attorney's fees, it still contemplated, and in effect declared, that persons contracting to pay the same should be held liable therefor if they unnecessarily or unjustly delayed or hindered the other party in his endeavor to enforce his legal rights. Our conclusion, therefore, is that every such contract should stand upon its own merits, and be enforced or declared void with reference to the facts appearing in each instance. The application of this rule in the present case properly relieved Kirby of all liability for attorney's fees, and justly enforced as to Hall his obligation to pay them.

*Judgment affirmed. All the Justices concurring.*