## WALDEN *et al. v.* WALDEN.

1. Where a mortgage described the land covered by it thus: "One tract or parcel of land lying in Jefferson county, Georgia, in the 79th district, G. M., containing one hundred acres, and bounded as follows: on north by my own land; east by land of K. P. Walden; on south by W. L. Philips; on west by Sarah and Emily Walden," such description was not void for uncertainty.

2. Parol evidence to identify such description with the land to which it applied was admissible.

3. Standing alone, an entry of a levy on a fi. fa. would be insufficient, where couched in the following terms: "Levied the within fi. fa. on a tract or parcel of land lying in Jefferson county, Georgia, 79th district, G. M., containing one hundred acres, more or less, levied on as the property of Thomas E. Walden."

4. Whether such a description would be aided by the fact that the execution was based on the foreclosure of the mortgage and directed a levy to be made upon certain described property, and by the presumption of a performance of his official duty by the levying officer, where there was no conflict between this description, so far as it went, and that in the mortgage and execution, quære.

5. Where a claim was interposed to such a levy, more fully describing the property levied on, and showing that it was the same as that described in the mortgage and execution, and a trial was had and the property was found subject, and a sale was had accordingly, in a suit against the purchaser at the sheriff's sale by the claimant to recover the possession the latter was estopped from denying the sufficiency of the description of the property contained in the levy.

6. A plea of res adjudicata is amendable by adding thereto the judgment

claimed to be conclusive. And this may be done although the judgment was not entered up at the time when the verdict was found, but was duly entered nunc pro tunc after the commencement of the action in which it was pleaded.

7. Where property to which minors claimed title was levied on under an execution against another person, and a next friend for and on behalf of the minors interposed a claim thereto, and this was duly tried without objection to the form of the proceeding, and the property was found subject, this would be conclusive upon the minors.

8. Where a claim was interposed by a next friend on behalf of a minor, and an affidavit in forma pauperis was made in lieu of giving bond, such affidavit should not have stated the inability of the next friend individually to give bond and security. But where this was done, and no objection was made thereto until after verdict, it will not render the proceeding void.

9. Although a judgment may not be entered on the verdict at the proper time, the court may allow this to be done nunc pro tunc at a later date, on proper application therefor.

10. Generally a judgment entered nunc pro tunc relates back to the time when it should have been entered, and completes the record. Where there are no intervening equities, the judgment so entered will sustain a plea of res adjudicata between the parties, as to the matter involved in the litigation.

Submitted February 25,—Decided April 12, 1907.

Complaint for land. Before Judge Rawlings. Jefferson superior court. May 17, 1906.

William M. Walden, and Sallie, Katie, and Preston Walden, by their next friend, brought suit against William Walden to recover certain land. The defendant filed a plea of res adjudicata. A verdict was rendered in favor of the defendant, but was reversed by this court on the ground that it did not appear that, in the claim cases on which this plea was based, any judgments had been entered on the verdicts of the jury. After the case was returned to the superior court, on motion the court entered judgments nunc pro tunc in the claim cases. When the case again came on for trial, a mortgage, its foreclosure, the execution based thereon, the levy, and a sheriff's deed conveying the property to the present defendant were introduced in evidence; also claims which had been interposed by guardians ad litem for the present plaintiffs, together with verdicts finding the property subject, and the judgments which had thus been entered nunc pro tunc. Certain other evidence was also introduced, which need not now be mentioned. The court directed a verdict for the defendant.

*E. L. Stephens,* for plaintiffs.

*Cain & Hardeman,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

1, 2. The defendant claimed the land in controversy under a sheriff's sale. He pleaded that it had been adjudicated that the land was subject to sale on the trial of claims interposed to the levy by the present plaintiffs, through certain persons as their next friends; that he had bought after this under the sheriff's sale, and that the matter was res adjudicata. A mortgage was offered in evidence which contained the following description: "One tract or parcel of land lying in Jefferson county, Georgia, in the 79th district G. M., containing one hundred acres, and bounded as follows: on north by my own land; east by land of K. P. Walden; on south by W. L. Philips; on west by Sarah and Emily Walden." The proceedings to foreclose the mortgage, and the execution issued thereon, were also offered in evidence. Objection was made to the admission of this evidence, on the ground that the mortgage was void because of want of a legal description of the land sought to be included in it, and that for this reason the foreclosure proceedings were also void. The south, east, and west boundary lines of this land were fixed by the lands of other persons named. As to the north line only was it contended that there was any uncertainty; because the tract mortgaged was described as bounded on that side by the mortgagor's land. Having thus given the boundaries on three sides of the land, and the quantity of it, the fourth side could be readily located; and such a description was not void for uncertainty. *Ray* v. *Pease,* 95 *Ga.* 153; *Atlanta & W. P. R. Co.* v. *Atlanta, B. & A. R. Co.,* 125 *Ga.* 529. In *Gress Lumber Co.* v. *Coody,* 94 *Ga.* 519, the court went further than we find it necessary to go in this case. In *Huntress* v. *Portwood,* 116 *Ga.* 351, it appeared that the makers of a deed owned a tract of land containing 307½ acres, more or less, of an irregular shape. They executed a deed describing the land conveyed as "containing two hundred acres, more or less, bounded as follows: [giving the names of other landowners on the north, east, and south]; on west land said Absalom G. Evans and Mary E. Evans" (the makers). A majority of the court held that this was not a sufficient description, Simmons, C. J., dissenting. If the opinion of the majority of the court be accepted, that case is distinguishable from this on the ground that there the quantity of

the land was not definitely fixed, but described as "more or less," and therefore the western boundary line might be located at a more easterly or westerly place, according as the exact contents of the land conveyed should be fixed. Here a definite quantity of land was mentioned, and the difficulty in locating the last boundary line just above suggested did not exist. Parol evidence was admissible to fit this description to the land to which it applied. Thus, for instance, it could be shown where were the boundaries of the adjacent tracts named, and where the north line ran which made the tract include the one hundred acres. The objection to parol evidence for that purpose was properly overruled.

3-5. The entry of levy was also objected to, when offered in evidence. It was in these words: "Levied the within fi. fa. on a tract or parcel of land lying in Jefferson county, Georgia, 79th district, G. M., containing one hundred acres, more or less, levied on as the property of Thomas E. Walden, and legal notice given to tenant in possession. This December 7th, 1904." This levy, standing alone, is plainly insufficient in description. It has two aids to help it: First, it is the levy of a mortgage fi. fa. which could only be lawfully levied on the mortgaged property; and it is possible that some presumption as to the officer doing his duty may arise, the description, as far as it went, corresponding with that in the mortgage. *Connally* v. *Atlantic Contracting Co.*, 120 *Ga.* 213. Second, the real saving aid to this levy, as between the parties litigant, is that the present plaintiffs interposed to such levy claims, in which they stated that the land had been levied on, and described it as in the mortgage, which description we have held above to be sufficient. The principle that, as between the parties, a defective entry of levy will be aided by the allegations or description of a claim affidavit, and that the claimant will be estopped from denying such allegations, has generally been applied to levies on personalty. *Pearce* v. *Renfroe*, 68 *Ga.* 194; *Drawdy* v. *Littlefield*, 75 *Ga.* 215 (5); *Cohen* v. *Broughton*, 54 *Ga.* 296 (1); *Smith* v. *Camp*, 84 *Ga.* 117 (7). But it has also been applied to levies on real estate. *Scolly* v. *Butler*, 59 *Ga.* 849; *Hollis* v. *Lamb*, 114 *Ga.* 740, 742. In *Osborne* v. *Rice*, 107 *Ga.* 282, 283, it was said that the decisions on the subject do not seem to be altogether harmonious; and various cases were cited in support of the statement. Some of the earlier and later cases, however, seem to concur. That in *Hollis* v. *Lamb*,

114 *Ga.,* supra, was a decision of the entire bench. There is still stronger ground for estoppel, where no point was made on the levies, or if made was ruled adversely to the claimants, on the trial of the claim cases, and such point is sought to be raised by the same parties after they have lost in those cases. If this could be done, the trials of the claims would amount to nothing. The claimants have taken the chances of defeating the sale by a claim describing the property, and when they lost that case they should not be heard to say that the levy was too vague; that therefore there was no legal levy; that the sale under it was void; and that they should thus retain possession. *Stroud* v. *Hancock,* 116 *Ga.* 332, 336.

6. When this same case was formerly before us (124 *Ga.* 145) the judgment was reversed because it was not shown that any judgments had been entered on the verdicts declaring the property subject. After this the court allowed judgments to be entered on the verdicts nunc pro tunc. The plaintiffs moved to strike the defendant's plea of res adjudicata. The court allowed the plea to be amended by adding thereto the judgments which had been entered nunc pro tunc, and overruled the motion.

The plaintiffs urged, that the plea was one in abatement; that the law required such a plea to be sworn to and filed at the first term, it being a dilatory plea; that it could not be amended by adding these judgments after the appearance term; and that the judgments set out in the amendment were not taken until after the suit and the original plea had been filed, and after the appearance term. A plea of former recovery has sometimes been spoken of as a plea in abatement, but it is not a mere dilatory plea. "Dilatory pleas are those which do not answer the general right of the plaintiff either by denial or in confession and avoidance, but assert matter tending to defeat the particular action by resisting the plaintiff's present right of recovery. . . They are thus steps which, if taken, are preliminary to the substantial defense of the action, and in no way affect the legal right of the plaintiff to recover, save by suspending it, if they prevail, so far as the present action is concerned." Shipman's Com. Law. Pl. 189, §273; Andrews' Stephen's Pl. (2d ed.) 186 §100. "An adjudication of the same subject-matter in issue in a former suit between the same parties, by a court of competent jurisdiction, should be an end of litigation." Civil Code, §3741. The plea of res adjudicata, there-

fore, does not merely go to resisting the plaintiff's right of recovery so far as the present action is concerned, but if sustained is conclusive that he can not recover at all as to the matters which have been previously adjudicated.   It more nearly ranks with a plea of estoppel, which neither confesses nor avoids, but pleads a previous inconsistent act, allegation, or denial of the plaintiff which estops him from maintaining his action.   Shipman's Com. Law Pl. 190, §274.   It is true that a former recovery and the pendency of a former suit for the same cause of action are mentioned together, in section 5094 of the Civil Code, as giving good cause for abatement.   But this section must be construed in connection with other sections touching former recovery.   In *National Bank of Augusta v. Southern Porcelain Mfg. Co., 59 Ga. 157,* it was said that while technically, perhaps, a plea of res adjudicata might be called a plea in abatement, if good it is "a substantial bar to the action" and "the case is ended, just as effectually killed as if a plea of payment, or non est factum, had been sustained." And it was held that "practically speaking, this is a plea in bar, and could come in as an amendment to the general issue." Under the present law, the right of adding defenses by amendment is more restricted.   But the decision quoted ruled that this was not such a dilatory plea as fell within the requirement that it must be sworn to and filed at the first term.   Nor was the amendment in the case now before us improper under the ruling in *Quillian v. Johnson, 122 Ga. 49 (3),* first for the reason already stated, and second because it did not seek to set up new and distinct grounds, but to complete the defense already pleaded.

7. It was contended that there was no law authorizing a claim to be filed by a next friend for a minor, and that the claims which were filed were merely the individual claims of the persons filing them.   A claim is a somewhat anomalous statutory procedure.   To interpose a claim is permissive, not compulsory.   A person may claim, or may let the property go to sale and take other legal action afterward.   It has sometimes been analogized to a legal suit to recover the property levied on, and sometimes to an equitable proceeding to recover the property or to enjoin the sale.   At any rate, it is a statutory proceeding by the claimant, who may intervene and seek to prevent the sale from taking place, on the ground that the property is his, and not subject.   It has been held that

where one, for himself and as next friend of certain minors and to protect their interest, filed a bill in equity to which a cross-bill was filed, and the entire matter was litigated and a decree rendered, in the absence of any allegation or proof of fraud, the minors would be bound thereby, and persons acquiring interests thereunder would be protected, though no formal order appeared appointing the plaintiff as guardian ad litem. *Watkins* v. *Lawton,* 69 *Ga.* 672 (3). In *Lowe* v. *Equitable Mortgage Co.,* 102 *Ga.* 103, it was held that minors were certainly so far concluded by a judgment, regular on its face and rendered by a court of competent jurisdiction in an action brought in their names by a next friend, that they could not collaterally attack its validity when produced in evidence against them in an entirely distinct proceeding. If the property of minors is levied on, and they have no legal guardian, it would seem that they ought not to be deprived of the right to assert their title in order to prevent a sale, and they can only do this through a guardian ad litem or next friend. True, there appears to be no express provision of law for a minor to give a claim bond, nor for a next friend to bind the minor's property by such a bond. However this may be, and whether the opposite party might have objected or not, the claimants can not by their next friend interpose a claim, litigate, and take their chances on a verdict, and, after failure, set up this objection. In *Bowers* v. *Kanaday,* 94 *Ga.* 209, there was a claim interposed by a guardian ad litem, and from a verdict in a justice's court a writ of certiorari was sued out. It was held that either the minor himself, if of sufficient age, or the guardian ad litem for him, could make an oath in forma pauperis in lieu of bond. It is not said how a bond would have been given but for the oath.

As to the objection to the form of the claim as being one by the next friends individually, it has been said that, while the proper mode of bringing suit for minors, who have no regular guardian, is to state their names as the plaintiffs, suing by their friend or guardian ad litem, yet, if in fact the suit is brought by a person in his name as next friend for them, it is at most a mere irregularity, and in substance is the same. In the absence of objection or demurrer it is good. *Dent* v. *Merriam,* 113 *Ga.* 83; *Lasseter* v. *Simpson,* 78 *Ga.* 61; *Van Pelt* v. *Chattanooga R. Co.,* 89 *Ga.* 706; *Ellington* v. *Beaver Dam Co.,* 93 *Ga.* 55. The claim affidavits were

somewhat loosely and inaccurately drawn, and might have been subject to objection on the trial of the claim case. But looking at the claims as a whole, we think they should fairly be treated as interposed by the minors through their next friends, or by the next friends as such on behalf of the minors.

8. Objection was made to one of the affidavits in forma pauperis which was filed in connection with the claim, on the ground that the next friend stated his inability to give bond and security, instead of that of the child for whom he was acting. This also might have furnished ground for objection on the trial of the claim case, but it did not render the claim void after verdict and judgment. It is not the claim cases which are now being tried. The records in those cases are merely offered in support of the plea of res adjudicata. This objection to the affidavit in lieu of bond comes too late.

9, 10. Although a judgment may not be entered on a verdict at the proper time, the court may allow this to be done nunc pro tunc at a later date. Civil Code, §§4047, par. 6, 5119, and citations; Spencer v. Peake, 73 Ga. 803; Seay v. Treadwell, 43 Ga. 564. Objection was made to the introduction of the judgments entered nunc pro tunc, on the ground that they were entered pending the present action, and therefore could not affect it or complete the plea of res adjudicata. Generally speaking, a judgment entered nunc pro tunc relates back to the time when it should have been entered and completes the record. There may be some exceptions to this. Thus, in Hayes v. Little, 52 Ga. 555, sureties were held to be discharged by laches, where the judgment had not been entered for several years after the verdict. In Hall v. Pratt, 103 Ga. 257, it was said that the court was not disposed to extend further the doctrine laid down in the Hayes case. See Pryor v. Leonard, 57 Ga. 136, 139. In the case at bar there was no question as to the rights of sureties, as in the Hayes case, or of intervening equities of bona fide purchasers, as in Ligon v. Rogers, 12 Ga. 281. Nor was any question raised as to the regularity of the motion to enter the judgments nunc pro tunc, or as to whether notice was given. Such entry simply perfected the records, and so far as the question of res adjudicata was concerned, as between the parties they related back to the time when they should have been entered. Fuller v. Arnold, 64 Ga. 599. They also inured to the benefit of

the purchaser at the sheriff's sale. *Cosnahan* v. *Johnston,* 108 *Ga.* 235; *McMillan* v. *Hunnicutt,* 109 *Ga.* 699 (2), 704; *Garlington* v. *Fletcher,* 111 *Ga.* 861. There was no error in allowing the plea to be amended and in admitting the judgments in evidence.

There are no errors complained of which require a reversal.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*