## REEVES et al. v. LANCASTER et al.

1. Where by an order duly passed in term time two or more cases are consolidated and tried, should the case be retried the consolidation would still be effective and conclusive until such order was set aside.
2. The court did not err in refusing to strike the plea of res adjudicata or in overruling the demurrer thereto, and there was ample evidence to support the plea.
3. When an execution issues against a mother and is levied upon land claimed by her children to be owned by her and them as tenants in common, and the children file claims thereto which are tried and determined against them, these judgments are adjudications that such children did not have title to the undivided interests claimed by them, and the judgments in the claim cases are conclusive upon them until reversed or set aside.
4. While a levy upon land as the property of a defendant in fi. fa., where the judgment indebtedness has been secured by deed to the land sought to be levied upon, is void where the plaintiff in fi. fa. has not, prior to the levy, made a reconveyance for the purpose of levy and sale, it was not error to refuse to strike the plea of res adjudicata in this case, inasmuch as, by reason of the judgment in the claim case above referred to, the plaintiffs were concluded and were thereby estopped from setting up in the equitable petition their title to the undivided interests in

the land. Even minors who interpose a claim by their next friend, and take chances on a verdict, can not assert the invalidity of their action, except in cases of fraud upon the part of the alleged next friend in filing the claim.

5. The conclusion reached by the trial judge, hearing the case by consent without the intervention of a jury, was in accordance with the principles of equity. No one can complain of errors which conduce to a result in his favor; nor will he be heard to insist that there were errors in certain stages of the trial, when it is apparent upon a review of the case as a whole that under no rule of law, under the pleadings and evidence, could a finding in his favor be sustained.

No. 4182. JANUARY 15, 1925.

Complaint. Before Judge Franklin. Burke superior court. December 28, 1923.

*Paul T. Chance,* for plaintiffs. *H. C. Hatcher,* for defendants.

RUSSELL, C. J. Different features of this case have heretofore been more than once presented to this court, as hereinafter appears. The case seems to be one in which time and neglect to press their contentions at the proper time have barred whatever rights the complainants may originally have had as to the land which is the subject of dispute. The plaintiffs in this case filed to the April term, 1923, of Burke superior court a petition seeking to set aside certain judgments in the city court of Waynesboro and in the superior court of Burke County, and to cancel two sheriff's deeds purporting to convey title, one of them to a four-sevenths interest and the other to a three-sevenths interest in a certain tract of land, to the purchasers at sales had in satisfaction of the judgments which it was sought to cancel. The petition also prayed for the recovery of a judgment of $2000 against Bargeron and Jenkins, who were alleged to have entered into possession of the aforesaid three-sevenths of the land under a parol contract of purchase which had been fully complied with by the plaintiffs. Besides pleas denying liability upon various grounds, as well as the plea of general issue as to so much of the petition as related to the enforcement of specific performance in the matter of the alleged purchase of the land by Bargeron and Jenkins, the defendants filed a plea of res adjudicata. The plaintiffs demurred to the plea of res adjudicata and moved to strike it. The court overruled the demurrer and the motion to strike the plea, exception to this ruling was preserved pendente lite; and this ruling is made the first assignment of error in the bill of exceptions. By consent of counsel the

cause was submitted to the presiding judge without the intervention of a jury, for decision upon issues of fact as well as of law. The judge, after hearing evidence, rendered the following judgment: "The above-stated case having been tried before me at chambers, by agreement entered into in writing between counsel for all parties at issue, and after hearing all evidence in the case, it is therefore considered, ordered, and decreed that the said H. C. Hatcher shall make to the plaintiffs a quitclaim deed to the three-sevenths undivided interest in the 120 acres of land located in the 62nd Dist. G. M. Burke County, Georgia, which he purchased at sheriff's sale on the 1st day of February, 1921, upon the payment to him by the said Cora D. Reeves et al. the sum of three hundred and fifty and no/100 ($350.00) dollars, with interest on the same at the rate of eight per cent. per annum from February 1, 1921; and it is further ordered that the said Cora D. Reeves et al. have twenty (20) days from the date of this order to pay said sums of money to H. C. Hatcher; and in the event she does not pay said amount to the said H. C. Hatcher within the twenty days, then the restraining order is dissolved and judgment is hereby rendered in favor of the defendant H. C. Hatcher, and against any claim of interest, right, title, or equity that the said Cora D. Reeves, Nellie Klien, Emma Burke, M. T. Reeves, Stella Coleman, S. A. Reeves, and Maline Reeves had or might have in and to said described tract of land. Judgment is also rendered in favor of the defendants Edgar Bargeron and J. C. Palmer, finding that they owe the said Cora D. Reeves nothing. Ordered further that the said plaintiffs, Cora D. Reeves et al., pay the costs of court."

Thereupon the plaintiffs by direct bill of exceptions brought the finding of the judge to this court for review, insisting that the judgment was error upon the following grounds: (1-3) Because said decree is without any evidence to support it, is decidedly against the weight of the evidence, and is contrary to law and the principles of justice and equity. (4) Because it appears from the uncontradicted evidence that the default judgment entered in favor of Lizzie Lancaster against Cora D. Reeves, dated January 2, 1917, in the city court of Waynesboro, is void: (a) because no suit was pending as a basis for such judgment on January 2, 1917; (b) because said judgment appears to represent the total amount of three suits, with no authority for entering up the same, except a

verbal agreement made with counsel as to and respecting another trial, only as to which it was binding upon either party; (c) because said judgment was entered up out of term. (5) Because it appears from the uncontradicted evidence that the levy made on March 8, 1917, under fi. fa. issuing on the above judgment, and the sale had thereon on the first Tuesday in May, 1918, of the four-sevenths interest in the said land is void, in that: (a) at the time of said levy and sale there was pending in the superior· court of Burke County, in due and legal form, the claim case of plaintiffs to all of said land, and which is still pending therein; (b) it appears from defendant's own pleas that the said levy and sale proceeded by virtue of and in pursuance of a default judgment, entered upon a purported claim filed by Mallory Reeves on March 10, 1917, in behalf of himself and Sim and Maline Reeves, whereas it now appears that said claimants, under the law and under the rulings of the court, had no interest in said land; (c) because the entire tract of said land was levied on, advertised, and sold, and only a four-sevenths interest was conveyed; (d) no reconveyance of title has ever been made by Lizzie Lancaster to Cora D. Reeves, and the levy, the purported claim of Mallory Reeves, and said sale are ineffectual and void. (6) Because it appears from the uncontradicted evidence that the sheriff's sale of said land, had on the first Tuesday in January, 1921, of the three-sevenths interest is void, in that: (a) at the time of said sale there was pending in the superior court of Burke County, in due and legal form, the claim case of plaintiffs to all of said lands, which is still pending; (b) there had been, before said sheriff's sale, a bona fide private sale of the three-sevenths interest in said land, fully consummated, and delivery of possession to defendants, to which transaction each of the purchasers at the sheriff's sale was a party; (c) the only sheriff's sale had of said three-sevenths interest was on the first Tuesday in January, 1921, at which time it was bid in by Edgar Bargeron, as appears from his testimony, but conveyed to H. C. Hatcher in an effort to avoid payment of the purchase-price; (d) such schemes and devices are· inequitable and unjust; (e) the total amount of said land was levied upon, advertised, and sold, whereas only a three-sevenths interest was conveyed; (f) no reconveyance of title has ever been made by Lizzie Lancaster to Cora D. Reeves for the purpose of levy and sale, and the said levy and sale together with the sheriff's deed are

illegal and void. (7) Because it appears from the uncontradicted evidence that there was a valid and bona fide contract of sale entered into between plaintiffs and defendants Edgar Bargeron and J. C. Palmer, which was fully consummated by conveyance and delivery of possession, and under which sale said two defendants have been in continuous, quiet, and peaceful possession since the date of said sale, enjoying the uses, rents, and profits thereof. (8) Because the uncontradicted evidence shows that there has never been any rescission of said contract of sale, or anything said or done by either party that would effect a rescission, and that the defendants Edgar Bargeron and J. C. Palmer are justly and truly indebted to plaintiffs for the purchase-price of said tract of land. (9) Because the said deed conveying the said tract of land to the said defendants was tendered them in open court upon the trial of this case, which tender was not rejected by them or their attorney. (10) Because it appears without dispute that as to the sheriff's sale had on the first Tuesday in January, 1921, of the three-sevenths interest, the same was a part of the contract of private sale, and had in pursuance thereof, for the purpose of strengthening the title in said two defendants, and that contrary to their contract they had the same conveyed to their attorney, H. C. Hatcher, by sheriff's deed, to avoid payment of the purchase-price.

The following pertinent and illustrative facts are gleaned from the record: On January 9, 1889, Martha Attaway died, leaving as her heirs at law four daughters, Laura Crawford, Kate Jenkins, Ellen Wallace, and Cora D. Reeves. At the time of her death she owned in common with her said daughters about 150 acres of land. Her daughter Laura Crawford owned in her own right about 230 acres of land adjoining the tract just mentioned above, and on January 14, 1889, both places, treated as one tract of land, were surveyed and subdivided into three parts. On December 11, 1889, Laura Crawford made deeds similar in substance, conveying to each of her three sisters above mentioned, and to their children then in esse or who might thereafter be born to each of them, one of the three tracts known as numbers 1, 2, and 3. Mrs. Crawford conveyed to "Cora D. Reeves and to her two children, Nellie and Emma, or any child or children that may be born unto her," the tract of land designated as lot number 2, particularly described in the deed and containing 120 acres, reserving to herself one acre as

the graveyard, with a provision that "if any claim whatever is ever given . . upon the said piece of property, in any form, to any person or persons whomsoever, the gift . ' . shall be considered null and void." Cora D. Reeves and her two children, afterwards Mrs. Nellie Klien and Mrs. Emma Burke, thus received a deed to the 120 acres and thereupon went into possession thereof, and thereafter lived upon the lands. Later four children were born to Cora D. Reeves, to wit, Mallory R. Reeves, Mrs. Coleman, S. A. Reeves, and Mrs. Cloy.

1. Inasmuch as if the court should have stricken the plea of res adjudicata, as the plaintiffs contended, an entirely different conclusion as to the result of the case might have been reached, we shall first deal with the ruling of the court upon that subject. If the court erred in not striking this plea, the further proceedings in the trial were nugatory and the case would necessarily be remanded for another trial. We do not think that the court erred in refusing to strike the plea of res adjudicata for the reasons stated in the demurrer thereto, or upon the oral motion which was general in its nature. The plea presented the entire record in all of the previous litigation between Mrs. Lizzie Lancaster and Mrs. Reeves and each and all of her six children, together with all orders and judgments entered by the court in the several proceedings. Upon a review of the entire record it must be held that the plaintiffs are estopped by former adjudications from asserting in any manner any further claim to any right, title, or interest which they may have derived by virtue of the terms of the deed of December 11, 1889, whereby Laura Crawford conveyed the property to their mother and themselves as tenants in common. From the plea of res adjudicata it appears that on March 8, 1912, Cora D. Reeves executed a security deed conveying the aforementioned 120 acres of land to Mrs. Lizzie Lancaster. The deed was alleged to secure an indebtedness of $1000 divided into four notes of $250 each, maturing four years after date. On March 21, 1916, three separate suits were filed against Mrs. Reeves on the notes, the suits being returnable to the April term, 1916, of the city court of Waynesboro, and on April 25, 1916, an order was passed by the court consolidating these cases. In the trial which followed the answers of Mrs. Reeves were stricken, and a judgment directed against her for $886.85 principal, with interest, attorney's fees, and costs. The Court of Appeals reversed

the judgment of the city court of Waynesboro, holding that the lower court erred in sustaining the demurrer of Mrs. Lancaster, the plaintiff, and in striking the plea of Mrs. Reeves, the defendant, which set up that the notes evidencing a loan of $1000 to her were simply a scheme or device to make her in fact a security for the debt of her husband. When the case went back to the city court of Waynesboro for trial at the January term, 1917, the jury found a verdict for the plaintiff for $1000 principal, with interest and attorney's fees, and in accordance with this verdict judgment was entered and a fi. fa. issued, which was levied, on March 8, 1917, on the tract of land above mentioned, which had been conveyed to Mrs. Reeves and her children. Mallory Reeves, for himself and in behalf of Simeon Reeves and Maline Reeves, both minors, and his brother and sister respectively, and as their next friend, interposed a claim to the property on March 10, 1917. Upon this claim a trial was had on April 3, 1917, when the jury found the property subject to the fi. fa., and the levy was ordered to proceed. Thereupon, at the October term, 1917, of the superior court of Burke County all of the children of Mrs. Reeves, joined in a petition to set aside the judgment rendered at the April term, 1917, which found the property subject. This motion was dismissed and the relief prayed for refused, and the case came to this court (*Reeves* v. *Lancaster,* 147 *Ga.* 675, 95 S. E. 246), and this court held that the judge did not err in dismissing the motion to set aside the judgment finding against the claim of Mallory Reeves, Simeon Reeves, and Maline Reeves. On September 1, 1917, Mrs. M. E. Coleman, for herself and in behalf of Mrs. A. J. Burke, Mrs. W. E. Klein, Mallory Reeves, Sim Reeves, and Maline Reeves, a minor, interposed a claim to the 120 acres, and this claim was tried on October 1, 1917, when the property levied upon was again found subject. A motion for a new trial was overruled, and the case again came to this court, when the judgment of the lower court was reversed upon the ground that an execution can not be levied upon land which has been conveyed by deed to a creditor by his debtor, until after the creditor has executed, filed, and had recorded a deed reconveying the property to the debtor, and that a sale of the property made under levy thereon, when no reconveyance has been previously made, filed, and recorded, is void. *Coleman* v. *Lancaster,* 148 *Ga.* 757 (98 S. E. 269). It also appears that while the case as last

above stated was pending in the Supreme Court and on May 7, 1918, there was executed by the sheriff of Burke County to H. Clifford Hatcher, of Burke County, a sheriff's·deed to a four-sevenths undivided interest in the land in dispute, which had been sold in pursuance of a levy made on March 8, 1917, after being advertised for sale on the first· Tuesday in May, 1918, because a prior sale was delayed by the filing of a claim, but "judgment was gotten against four of the claimants, making the interest sold under said levy four sevenths, . . . and also all the estate, right, title, interest, claim, or demand of the said Cora D. Reeves . . in or to the same."

2. On the return of the remittitur in the case of *Coleman* v. *Lancaster,* supra, for another trial in accordance with the judgment of reversal, the claimants, Mrs. Coleman, Mrs. Burke, and Mrs. Klien filed an equitable . amendment, setting up the tenancy in common under the terms of the deed of December 11, 1889, and alleging that the later deed of 1911 from Laura Crawford to Mrs. Reeves was void, because she had already divested herself of all title to the property on December 11, 1889, and that by reason of their minority the claimants were not barred from asserting an equity superior ·to that of Mrs. Lizzie Lancaster as to the premises in dispute. As appears ˉfrom the record, this claim case came on for trial in the superior court of Burke County on October 6, 1919, when there was a finding against the claimants, on which judgment was entered that the levy should proceed. A motion for new trial was made in this case, and was overruled on May 22, 1920, but no exception was taken to this judgment. Thus it appears that conceding, as claimed by the plaintiffs, that Mrs. Lancaster knew of the existence of the deed from Laura Crawford of December 11, 1889, and that for that reason the six claimants were cotenants of their mother, Mrs. Reeves, still that fact not having been established at the proper time when the parties were properly before the court, the plea of res adjudicata was properly sustained. When an execution issues against a mother and is levied upon land claimed by her children to be owned by her and them as tenants in common, and the children file claims which are tried and determined against them, these judgments are adjudications that they did not have title to the undivided interests in the land which was levied upon and which

were claimed by them, and such judgments are conclusive upon them, the same never having been reversed or set aside.

One of the principal points insisted upon by the plaintiffs is that there was never a reconveyance by the plaintiff in fi. fa. for the purpose of levy and sale of the land levied upon, prior to the levy, in accordance with the principle announced by this court in . *Coleman* v. *Lancaster,* supra.   While it is true that a levy upon land as the property of a certain defendant in fi. fa., where the judgment indebtedness has been secured by deed to the land sought to be levied upon, is void where the plaintiff in fi. fa. has not prior . to the levy made a reconveyance for the purpose of levy and sale, it was not error on the part of the court to refuse to strike the plea of res adjudicata in this case, inasmuch as, by reason of the judgments in the claim case above referred to, the children were concluded from setting up in the equitable petition their title to a certain undivided interest in the land.   As said by Mr. Justice Lumpkin in *Walden* v. *Walden,* 128 *Ga.* 126, 131 (57 S. E. 323) :   "It was contended that there was no law authorizing a claim to be filed by a next friend for a minor, and that the claims which were filed were merely the individual claims of the persons filing them.   A claim is a somewhat anomalous statutory procedure.   To interpose a claim is permissive, not compulsory.   A person may claim, or may let the property go to sale and take other legal action afterward.   It has sometimes been analogized to a legal suit to recover the property levied on, and sometimes to an equitable proceeding to recover the property or to enjoin the sale.   At any rate, it is a statutory proceeding by the claimant, who may intervene and seek to prevent the sale from taking place, on the ground that the property is his, and not subject.   It has been held that where one, for himself and as next friend of certain minors and to protect their interest, filed a bill in equity to which a cross-bill was filed, and the entire matter was litigated and a decree rendered, in the absence of any allegation or proof of fraud, the minors would be bound thereby, and persons acquiring interests thereunder would be protected, though no formal order appeared appointing the plaintiff as guardian ad litem.   *Watkins* v. *Lawton,* 69 *Ga.* 672 (3)."   Where minors as claimants by their next friend interpose a claim and take chances on a verdict, they can not assert the invalidity of their action ; for the bringing of the suit by a person in his name as next

friend is at most a mere irregularity.  *Bowers* v. *Kanaday,* 94 *Ga.* 209 (21 S. E. 458) ; *Dent* v. *Merriam,* 113 *Ga.* 83 (38 S. E. 334) ; *Van Pelt* v. *Chattanooga &c. R. Co.,* 89 *Ga.* 706 (15 S. E. 622) ; *Ellington* v. *Beaver Dam Co.,* 93 *Ga.* 53 (19 S. E. 21).  And in this case, while the levy of March 8, 1917, was void and the sale of the land under the circumstances would be void, the claimants, after it had been adjudicated that they had no interest or title in the land, were not in a position to attack the sale upon the ground that it was void for any of the reasons stated in their demurrer or motion to strike.

Upon hearing the evidence the court sustained the plea of res adjudicata which it had refused to strike, and in consequence this left nothing before the court except 'that portion of the petition wherein a judgment for $2000 was asked against Bargeron and Jenkins.  As to this portion of the claim there was conflict in the evidence, and a finding for the defendants without conditions would have been authorized.  Certainly the plaintiffs, under the pleadings and evidence before the court, can not complain that the court found that they were entitled to recover the land upon the condition that the purchase at the sheriff's sale be annulled upon the payment of the sum expended by the purchaser with interest.  The proceeding was upon an equitable petition, and he who asks equity must do equity.  The petitioners' contention that the last sale had by the sheriff was void was in effect sustained by the court, or rather so much of the petition was sustained as charged that by reason of the agreement between the plaintiffs on the one side and Bargeron and Jenkins and Hatcher on the other the price was depressed and the property was sold far below its market value, and hence the court set aside the sale, if only one, or both sales if there were two sales, and in effect put the plaintiffs back into possession by restoring their property and giving them the right of possession as if the sale had never been had.  But at the same time the court no doubt found, as he was authorized to find from the evidence, that the delay in furnishing the title as required by Bargeron and Jenkins prior to the sale breached the contract wherein Bargeron agreed to pay $2000, and authorized a rescission of the contract upon his part.  This court can not say what is the real truth of the matter, but the credibility of the witnesses upon all disputed points was a matter addressed exclusively to the trial

judge acting pro hac vice instead of a jury. The $350 paid by
Hatcher was legally applicable, for the reasons heretofore stated, to
the execution against Mrs. Reeves; and it would have been in-
equitable in this case to have restored the land (if it could be
restored at all to these claimants, whose rights had been concluded)
without requiring them to protect a purchaser at the sale which
could have been legally prevented. In view of this exceedingly
favorable finding in behalf of the plaintiffs, who, in our view of the
record as a whole, have recovered more than they are by the rules
of law entitled to, it is not necessary to consider the ten grounds of
direct exceptions to the judgment of the court, set forth in the state-
ment of facts contained above. No one can complain of errors
which conduce to a result in his favor, nor will he be heard to
insist that there were errors in certain stages of the trial, when it
is apparent upon a review of the case as a whole that under no
rule of law, under the pleadings and evidence, could a finding in
his favor be sustained.

<div style="text-align:right">

*Judgment affirmed. All the Justices concur.*