VanPelt v. Chattanooga, R. & C. Railroad Co.

There was enough in the declaration to amend by. Though in suits conducted by a next friend, the minors ought regularly to sue by him, yet if the next friend sue in behalf of the minors, it is the same in substance. *Lasseter* v. *Simpson*, 78 *Ga.* 61. The defect in form is amendable by alleging that the minors sue by their next friend. A declaration at the suit of children for the homicide of their father is amendable by alleging that the deceased left no widow, and that the plaintiffs are all the children which survived him. ·    *Judgment reversed.*

August 1, 1892.

Amendment. Action by minors. Before Judge Maddox. Chattooga superior court. September term, 1891.

J. O. VanPelt, who sued as next friend of Eva A., William F. and D. O. VanPelt, minor children of D. A. VanPelt, deceased, brought his action against the railroad company for the homicide of D. A. VanPelt. When the case came on for trial plaintiff's counsel offered to amend the declaration by adding that at the time of the killing of D. A. VanPelt he had no living wife, his wife having died three years previous to his death; and also to amend the declaration by adding: "The train by which said VanPelt was killed was not running on schedule time, but was behind the schedule time forty minutes at the time of the homicide." Counsel for the defendant objected to the allowing of these amendments, upon the ground that there was not enough in the original declaration to amend by; and at the same time moved to dismiss the declaration upon

the following grounds: (1) The suit was brought by VanPelt as next friend of the minor children, and not by the children by their next friend VanPelt; (2) it was not alleged in the declaration that the three children therein named were all the children of D. A. VanPelt, deceased; (3) it was not alleged in the declaration that D. A. VanPelt left surviving him no widow; (4) the declaration set out no cause of action. Thereupon plaintiff's counsel offered to amend the declaration so as to remove the objections as indicated in the first and second grounds of the motion to dismiss, and also insisted upon their amendment already offered in writing as above set out, the court stating that all these amendments might be allowed if there was enough in the original declaration to amend by. After argument the court held that there was nothing in the declaration to amend by, refused all offers to amend, and sustained the motion to dismiss the declaration, to which rulings the plaintiff excepted.

The original declaration alleged that the railroad company had injured and damaged petitioner, as next friend of the minor children above named, $25,000; that the above named children were the minor children of D. A. VanPelt, who was killed through the recklessness, carelessness and gross negligence of the railroad company, its agents, servants and employees, under the following circumstances: D. A. VanPelt on November 5, 1890, about three quarters of a mile below Summerville, Chattooga county, was riding in a two-horse wagon along the public road leading to Chattoogaville, and was crossing the track of defendant where the track crosses the public road, when, without warning, the engine, which was drawing a passenger-train of defendant and running at full speed, struck the wagon, tearing it to pieces, knocking him out of the wagon and throwing him violently to the ground,

crushing his skull, and inflicting other injuries from which he died within an hour; that the speed of the engine was not checked as required by law on approaching the public crossing, but it was running at such a high rate of speed that, after striking the wagon, the engine and train ran three hundred yards beyond the crossing; that the whistle of the engine was not blown in approaching the crossing, and no signal whatever was given; that the defendant, its agents and employees, acted throughout with great carelessness and gross negligence, and without regard to the safety or life of said VanPelt; that by due care and caution on the part of defendant, its agents, servants and employees, the injury and death of said VanPelt could have been avoided; that said VanPelt was the father of said minor children, was thirty-three years old at the time of his death, etc., and petitioner sues in behalf of said minor children for the financial value of the life of said VanPelt.

S. & M. WRIGHT and W. M. HENRY, for plaintiffs.

W. W. BROOKES, J. BRANHAM and J. D. TAYLOR, for defendant.