### DENT, next friend, v. MERRIAM.

1. "Persons not sui juris may appear, either by guardian or next friend, or guardian ad litem appointed by the court."

2. "A lunatic, or person non compos mentis, having no legal guardian, may sue by any competent person as his next friend. And where the question of sanity or insanity is involved in the subject-matter of the suit, the question may be tried irrespective of whether a commission of lunacy has been issued or not."

3. An action by one suing as next friend of another is in substance an action by the latter, and in the absence of a demurrer is good.

4. Where such an action was brought in behalf of a lunatic, and the case went to trial without objection to the petition by the defendant, it was erroneous to direct a verdict in favor of the defendant when there was evidence sufficient to sustain the material allegations of the petition.

Submitted March 2, — Decided March 26, 1901.

Equitable petition. Before Judge Reese. Wilkes superior court. May term, 1900.

*Colley & Sims,* for plaintiff.

LEWIS, J.   Tamah ' Dent, as next friend of her mother, Amy Merriam, brought suit in Wilkes superior court against Osborne Merriam, husband of Amy.   The petition alleges that Amy Merriam is old, feeble, and of unsound mind, being incapable of asserting her rights ; that her husband, Osborne Merriam, being acquainted with her unsound mental condition, at a named time fraudulently induced her to convey to him title to a described piece of land; that Amy Merriam, at the time of signing this deed, was incapable of comprehending what she was doing, and has now no recollection of having signed it.   The prayers of the petition are, that the deed in question be delivered up and canceled, that the defendant be enjoined from selling or encumbering the property, that process issue, etc.   The answer of the defendant denies all allegations of fraud in procuring the deed, the execution of which is admitted ; denies also that Amy Merriam is or has been of unsound mind, and claims that the purchase-money of the land in dispute, with the exception of a few insignificant amounts, was paid entirely by the defendant. No demurrer to the petition was filed.   At the conclusion of the evidence, which was mainly upon the question of the sanity of Amy Merriam at the time of and since the execution of the deed to her husband, and which was quite conflicting, the judge without any motion directed a verdict for the defendant, "announcing that Amy Merriam, being of age and living, could not appear in this proceeding, even if insane and of unsound mind, by next friend, but would have to appear by guardian." ┆ To this ruling the plaintiff excepts.

1, 2.   The court below unquestionably erred in ruling that the suit was improperly brought because instituted by next friend instead of by guardian.   Our law distinctly states that persons not sui juris may appear either by guardian or next friend, or guardian ad litem appointed by the court (Civil Code, § 4843), and the case of *Reese* v. *Reese,* 89 *Ga.* 645, applies this section of the code directly to lunatics or persons non compos mentis.   The first two headnotes to this opinion are quotations from the authorities cited, and set forth plainly the law on the point under discussion.

3.   The strict rules of pleading would have required that this suit be brought by Amy Merriam, by her next friend, Tamah Dent, instead of by Tamah Dent as next friend of Amy Merriam.   This court, however, has frequently held, in exactly similar cases, that such an irregularity is immaterial and will not affect the decision

of the case. " The more regular form of pleading is for the minor to sue by the next friend, but if the next friend sue as next friend of the minor, it is the same thing in substance." *Lasseter* v. *Simpson*, 78 *Ga.* 61. See also *Van Pelt* v. *R. R. Co.*, 89 *Ga.* 706; *Ellington* v. *Beaver Dam Co.*, 93 *Ga.* 55. At all events, no demurrer was filed to the petition in the case at bar, and in the absence of a demurrer we can not hold that the suit was improperly brought.

4. Even if the court had been right in the conclusion that Amy Merriam must sue by guardian instead of by next friend, the proper procedure would have been to dismiss the case; not to direct a verdict. In no view of the case as presented to us was the latter, course permissible. There was ample evidence for the plaintiff to require the submission to the jury of the issues involved. In view of the manifest error committed by the trial court, we must, therefore, reverse the judgment of the court below directing a verdict for the defendant.

*Judgment reversed.  All the Justices concurring.*