STANLEY, by next friend, *v.* STANLEY *et al.*

When a suit is instituted by one as the next friend of a person duly adjudged insane, but the petition does not disclose that the latter has no guardian, or allege any reason why it is necessary for him to sue by a next friend rather than by a duly appointed guardian, objection to the maintenance of the action may be made by special demurrer calling on the person instituting the suit to show by what right it was so brought in behalf of the insane person named as plaintiff; and if the special demurrer is not met by appropriate amendment, it is proper for the court to dismiss the action.

Argued April 15, — Decided May 15, — Motion to modify judgment
denied June 27, 1905.

Equitable petition.    Before Judge Gober.    Cobb superior court. January 20, 1905.

An action was instituted in the name of James F. Stanley, suing by his next friend Nancy Rusk, against his wife, Mrs. Hattie Stanley, individually and as the natural guardian of her minor child.    It was alleged that James F. Stanley was, on or about April 20, 1898, detained under a commission of lunacy issuing from the court of ordinary of Cobb county; that he was tried thereunder, adjudged to be insane, and sent to the State Lunatic Asylum at Milledgeville, Ga., from which institution he was released on or about October 28, 1899, without any certificate that he had regained possession of his mind; that he had

never in fact regained his normal state of mind, is still of unsound mind, and that the judgment of the court of ordinary finding him to be insane still remains of force. The petition also set forth the following allegations of fact: While Stanley was suffering from his mental infirmity, and after he had been adjudged insane, his wife instituted proceedings against him to recover alimony for herself and child; no guardian ad litem was appointed by the court to represent him, nor had he sufficient mental capacity to defend the suit; and on December 4, 1901, a verdict and judgment for $700 were rendered against him. An execution issuing from this judgment has been levied on certain land belonging to him, and the sheriff is proceeding to bring the land to sale. The plaintiff attacked this judgment as void, because fraudulently obtained by Mrs. Stanley under the circumstances stated, and prayed that the sale of the land thereunder be enjoined and that the judgment be set aside. The court declined to grant a restraining order, and the land was subsequently sold, A. E. Benson becoming the purchaser. By amendment the plaintiff set up these facts, also alleging that before the sale Benson had been put upon notice of the suit filed to set the judgment aside, and prayed that he be made a party defendant. The plaintiff also amended the original petition by adding various allegations to the effect that Mrs. Stanley was not entitled to alimony, and that Stanley, had he been under no disability, could have urged certain meritorious defenses to her action and defeated a recovery by her.

To the petition as amended the defendants demurred both generally and specially, and the court passed an order sustaining the general and special demurrers and dismissing the action. To this judgment exception is taken.

*O. E. & M. C. Horton*, for plaintiff.
*J. Z. Foster*, for defendants.

EVANS, J. (After stating the facts.) Irrespective of the question whether or not the petition as finally amended set forth a state of facts showing that Stanley was entitled to have the judgment rendered against him in the suit for alimony set aside, the judgment of the trial court dismissing the action should be affirmed, for the reason that no offer was made to meet the objec-

tion, raised by one of the special demurrers filed by the defendants, that neither the original petition nor any of the amendments thereto disclosed that Mrs. Nancy Rusk had any authority to act for Stanley as next friend in bringing the suit, nor did it appear that he had no guardian, nor was any reason alleged why he did not sue by guardian. This objection was well taken, and presumably an appropriate amendment would have been made to overcome it, if the fact was that Mrs. Rusk could legally maintain the action in her capacity as next friend for Stanley, whom she alleged to be her father. In the case of *Reese* v. *Reese*, 89 *Ga.* 645, the question arose whether or not, under any circumstances, a suit could be brought in behalf of one non compos mentis by any one save a duly appointed guardian, and this court decided, in view of the provisions of the Civil Code, § 4843, and the generally recognized rule obtaining in other jurisdictions, that where no guardian has been legally appointed to represent an insane person, the courts, whether of law or of equity, have jurisdiction to entertain suits brought by one as next friend of the insane person. This decision was approved and followed in *Dent* v. *Merriam*, 113 *Ga.* 83; and in *LaGrange Mills* v. *Kener*, 121 *Ga.* 429, it was held that "A suit by a next friend for a lunatic, who has been adjudged insane, which fails to allege that the lunatic has no guardian, or any sufficient reason why she does not appear by her guardian if she has one, is maintainable, unless the failure to make allegations of this character is made ground of objection in a special demurrer, or by plea in abatement." In the latter case the demurrer did not raise the proper objection to the maintenance of the action; so the judgment overruling the demurrer was affirmed. As was clearly intimated, however, the objection, if raised, would have been cause for dismissing the action, unless met by appropriate amendment. See *Nance* v. *Stockburger*, 112 *Ga.* 90.

Where one can not, except under special circumstances, maintain a suit in his own behalf or for the benefit of another, it is incumbent upon him to disclose the facts giving him a right to bring the action. Thus, before the heirs at law of an intestate can recover land belonging to his estate, they must allege and prove either that there was no administration upon the estate or that the administrator, if there be one, has assented to their bringing the suit (*Greenfield* v. *McIntyre*, 112 *Ga.* 691); and if they

fail to make the necessary allegations as to their right to sue, the omission to do so may be taken advantage of by appropriate special demurrer. *Crummey* v. *Bentley,* 114 *Ga.* 749.

In view of the conclusion above announced, it is unnecessary to deal with either the general demurrer or the several other grounds of the special demurrer. The judgment dismissing the action is affirmed, because of the failure of Mrs. Nancy Rusk to make it appear to the court that she had authority to institute the action in behalf of James F. Stanley, irrespective of the question whether or not the petition set forth a cause of action, and without prejudice to him should suit be subsequently brought in his behalf by a person authorized to institute and maintain the action.

*Judgment affirmed. All the Justices concur, except Candler, J., absent.*