8209.    WEEKS *et al. v.* RELIANCE FERTILIZER COMPANY.

JENKINS, J. 1. Under the settled and fundamental policy of our law as embodied in section 4863 of the Civil Code of 1910, it is reversible error for the trial judge to express or to intimate his opinion as to what has or has not been proved; but the court may properly propound questions to a witness with a view to eliciting the truth of the case, especially where the purpose of such interrogation is to render definite the meaning of testimony otherwise vague, provided that in so doing no expression or impression is given of any opinion held by the judge as to what has been proved, or as to the credibility of the witness, or as to which party should, under the evidence, prevail. *Johnson* v. *Leffler Co.,* 122 *Ga.* 670 (50 S. E. 488).

2. After the fact of insanity has been established by a court of competent jurisdiction in this State, and after the affairs of the insane person have been vested in a guardian, the power of the ward to contract, while such judgment and appointment remain of force, is gone, but where no guardian has been appointed and a contract is made by one engaged in business in his own behalf, who has been previously adjudged insane, the validity of the contract depends upon whether or not he was actually insane at the time the contract was entered into. Such a previous adjudication furnishes prima facie evidence that such condition continued to exist. The presumption so raised may be rebutted by proof. *Slaughter* v. *Heath,* 127 *Ga.* 756 (57 S. E. 69, 27 L. R. A. (N. S.) 1); *Field* v. *Lucas,* 21 *Ga.* 447 (68 Am. D. 465); *American Trust & Banking Co.* v. *Boone,* 102 *Ga.* 202 (29 S. E. 182, 40 L. R. A. 250, 66 Am. St. R. 167).

3. The evidence sustains the verdict, and there is no merit in the exceptions taken.

> *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*
> DECIDED JULY 19, 1917.

Complaint; from Colquitt superior court—Judge Thomas.  May 8, 1916.

*Hendricks, Mills & Hendricks,* for plaintiffs in error.

*James Humphreys, Franklin & Langdale,* contra.