### SPOONER *v.* SPOONER.

ATKINSON, J.   1. While a person is temporarily non compos mentis he is not authorized to maintain a suit in his own name. *Thomas* v. *Thomas,* 145 *Ga.* 111 (88 S. E. 584). But where, though very weak in mind, he has enough capacity to understand the nature of a particular cause of action, and will enough to desire to bring a suit thereon, he may do so without a next friend or guardian. *Calhoun* v. *Moseley,* 114 *Ga.* 641 (40 S. E. 714).

(*a*) On conflicting evidence the judge was authorized to hold that the plaintiff had sufficient mental capacity to institute and prosecute her suit for temporary alimony without a next friend or guardian.

2. Taking into consideration the condition of the husband, and the station in life of the parties, and the necessities of the wife, there was no abuse of discretion in allowing plaintiff $150 per month as temporary alimony.

3. Under all the circumstances of the case the allowance of $3500 as attorneys' fees was an abuse of discretion.

*Judgment affirmed in part, and reversed in part. All the Justices concur, except*

BECK, P. J., dissenting. I dissent from so much of the ruling above as sets aside the judgment allowing attorney's fees. The amount allowed as alimony is not necessarily the measure of the amount to be allowed as attorney's fees. In view of the grave issues involved and the character of the suit, it can not be said that the judge abused his discretion in allowing the amount stated. Besides, the evidence which the judge had the right to credit as true would have authorized him to find a much larger amount. I do not think it can be said that there was any such flagrant abuse of discretion as to justify a reviewing court in interfering with the judgment.

No. 896.   DECEMBER 11, 1918.

Temporary alimony, etc.   Before Judge Harrell.   Decatur superior court.   January 5, 1918.

*W. I. Geer* and *Hartsfield & Conger,* for plaintiff in error.

*M. E. O'Neal* and *J. R. Wilson,* contra.