## AKIN *v.* AKIN.

HINES, J. 1. Where a wife had become insane and been committed to the State Sanitarium, from which she had been allowed to go on furlough under custody of her mother, and where during such furlough she instituted her suit for alimony, when she was insane at its commencement and at the time of its trial, it would be error, over objection of the husband, to allow the case to proceed in the name of the insane wife, and to award her temporary alimony and counsel fees. *Thomas* v. *Thomas*, 145 *Ga.* 111 (88 S. E. 584); *Spooner* v. *Spooner*, 148 *Ga.* 612 (97 S. E. 670).

2. The judgment upon an inquisition of lunacy, finding a person insane and committing her to the State Asylum for the insane, is conclusive upon such person as to her insanity at the time of its rendition, but not as to her future sanity, and is prima facie evidence only, and not conclusive against third persons who were not parties to it. *Field* v. *Lucas*, 21 *Ga.* 447 (68 Am. D. 465); *Lucas* v. *Parsons*, 23 *Ga.* 267; *Slaughter* v. *Heath*, 127 *Ga.* 747 (5) (57 S. E. 69, 27 L. R. A. (N. S.) 1); *Weeks* v. *Reliance Fertilizer Co.*, 20 *Ga. App.* 498 (93 S. E. 152); 32 C. J. 647, § 228 (c). Such judgment substitutes for the general presumption of sanity a rebuttable presumption of insanity. *Lucas* v. *Parsons, Weeks* v. *Reliance Fertilizer Co.*, supra; *Clark* v. Trail, 1 Metc. (Ky.) 35; *Eagle* v. Peterson, 136 Ark. 72 (206 S. W. 55, 7 A.

Husband and Wife, 30 C. J. p. 516, n. 46; p. 1074, n. 39; p. 1085, n. 4. Insane Persons, 32 C. J. p. 647, n. 99, 13, 15; p. 770, n. 79, 80, 81.

L. R. 553); Witty v. State, 69 Tex. Cr. 125 (153 S. W. 1146); Parker v. Davis, 53 N. C. 460; Jones v. Schaffner, 193 Iowa, 1262 (188 N. W. 787). The onus is cast upon those thereafter asserting sanity to prove it. *Terry* v. *Buffington*, 11 *Ga.* 337 (5) (56 Am. D. 423).

3. On conflicting evidence, the judge was authorized to find that the plaintiff had sufficient mental capacity to institute and prosecute her suit for temporary alimony, without a next friend or guardian ad litem. *Spooner* v. *Spooner*, supra.

4. Where, under an arrangement between the husband and his wife's mother, the wife, who. was confined in the State Insane Asylum, under commitment under an inquisition of insanity, was taken to the home of her mother for care, treatment, and support, and remained with her mother after her restoration to sanity, these facts did not amount to such willful abandonment by the wife of the husband as would defeat her recovery of alimony, the judge being authorized to find that the wife's health was such as to require maternal care and attention.

5. Upon conflicting evidence the judge was authorized to find that the wife's mother did not agree with the husband to take his wife to her home and bear the expense of her support and maintenance, but only to care for and look after the wife in her feeble, sick, and highly nervous condition; but even if such agreement existed between the mother and the husband, it would not relieve the husband from his obligation (Civil Code,. § 2996) to support and maintain his wife.

6. The evidence disclosing that the husband was a locomotive engineer, earning annually $1617, and owning realty of the value of $500, we can not say that the trial judge abused his discretion in awarding to the wife $30 per month as temporary alimony, and $60 as attorney's fees.     *Judgment affirmed. All the Justices concur.*

No. 5461. OCTOBER 13, 1926.

Temporary alimony. Before Judge Roop. Coweta superior court. April 21, 1926.

*Post & Arnold* and *Hall & Jones,* for plaintiff in error.

*Hatcher & Hatcher,* contra.