## GRINNELL *v.* GRINNELL.

GILBERT, J. 1. "A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant." Civil Code (1910), § 5548. There being a cross-action filed by the defendant praying for alimony, the dismissal of the plaintiff's petition could not in any way affect the right of the wife as defendant to proceed for the affirmative relief prayed for in her cross-action.

2. "A lunatic, or person non compos mentis, having no legal guardian, may sue by any competent person as next friend." *Dent* v. *Merriam*, 113 *Ga.* 83 (2) (38 S. E. 334); *Ross* v. *Battle*, 113 *Ga.* 742 (39 S. E. 287); *Archer* v. *Archer*, 115 *Ga.* 950 (42 S. E. 219); *Stanley* v. *Stanley*, 123 *Ga.* 122 (51 S. E. 287). As in the case of a minor, where an insane person appears by a next friend, there is no legal necessity to appoint a guardian ad litem, unless for some reason it should be made to appear to the court that the next friend was not a suitable person, or for some other reason the interest of the insane person would not be properly protected. Compare *Sanders* v. *Hinton*, 171 *Ga.* 702, 708 (156 S. E. 812). The issue arises here on consideration of demurrer. It does not appear that the case falls within the exception stated.

3. The cross-action by the wife alleged that she had been adjudged insane, that she had been committed to the Florida State Hospital, that no guardian had been appointed, that she had been discharged by the proper authorities into the custody of her husband, and that it had never been adjudged that she had been restored to sanity. Accordingly, under the allegations of the petition it was competent for the wife to institute her cross-action by next friend, praying for alimony.

*Judgment reversed. Russell, C. J., Beck, P. J., and Atkinson and Hill, JJ., concur.*

No. 9019. JUNE 16, 1932.

*W. H. Terrell,* for plaintiff in error.  *Don K. Johnston,* contra.