602

creditor by reason thereof." It was held in *May* v. *Leverett, supra,* that "A husband may be indebted to the wife for the rents of her separate estate, and such bona fide indebtedness is a valuable consideration to support a deed from him to her." And so, in this case, the husband may be indebted to the wife for the money with which he purchased real estate, and such bona fide indebtedness is a valuable consideration to support a deed from him to her.

Learned counsel for the defendant in error, relying almost solely upon the general grounds, contend that the special grounds contained in the motion for new trial are without merit, and that the charge first requested was not a correct statement of the law, and was not applicable to the facts of the case. Other requests, it is contended, have been covered by the court's charge as delivered, and that when considered with the whole charge are not injurious to the defendant's case. We can not sustain either of these objections. The court erred in overruling the motion for a new trial. See, in this connection, *Hemphill* v. *Hemphill,* ante, 585.

*Judgment reversed. All the Justices concur.*

ROBERTSON *v.* ROBERTSON.

No. 8952. FEBRUARY 25, 1933.

*John E. Frankum* and *Sam Kimzey,* for plaintiff in error.
*R. C. Ramey* and *J. C. Edwards,* contra.

## LOMAX *v.* LOMAX.

No. 9084.   FEBRUARY 25, 1933.