STRICKLAND, next friend, *v.* STRICKLAND.

No. 15526.   SEPTEMBER 7, 1946.

296

*George W. Westmoreland,* for plaintiff.

*H. W. Davis,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) 1. A judgment against an insane person is not void, but voidable. *Foster* v. *Jones,* 23 *Ga.* 168. The record here discloses that no guardian was appointed for the petitioner after he had been adjudged a lunatic or person of unsound mind, but a lunatic may sue by next friend where he has no guardian. *Dent* v. *Merriam,* 113 *Ga.* 83 (38 S. E. 334) ; *Ross* v. *Battle,* 113 *Ga.* 742 (39 S. E. 287) ; *Stanley* v. *Stanley,* 123 *Ga.* 122 (51 S. E. 287) ; *Grinnell* v. *Grinnell,* 174 *Ga.* 904 (164 S. E. 681). And where suit is brought by next friend, the appointment of a guardian ad litem is not necessary. *Reese* v. *Reese,* 89 *Ga.* 645, 651 (15 S. E. 846) ; *Dent* v. *Merriam,* supra; *Grinnell* v. *Grinnell,* supra. The authority of one to act as next friend and to control, direct, and conduct the case is derived from the court. *Mize* v. *Harber,* 189 *Ga.* 737, (7), 746 (8 S. E. 2d, 1). An action by one suing as next friend of another is in substance an action by the latter, and in the ab-

sence of demurrer is good. *Dent* v. *Merriam,* supra. There was no demurrer here.

■ The provisions of our Code, § 30-204, which authorize the court at any time to revise decrees for alimony, relate to temporary alimony only. Any provision made for the support of the wife·or minor children by way of temporary alimony is, under that section, subject to revision, modification, or revocation at any time. *Hemphill* v. *Hemphill,* 172 *Ga.* 387 (157 S. E. 637). Where there is no valid legal order for temporary alimony and counsel fees, because the defendant against whom the order issued was insane at the time it was granted, a judgment attaching the defendant for contempt for a violation of the order is also invalid. *Robertson* v. *Robertson,* 176 *Ga.* 602 (3) (168 S. E. 570). The question which we must now determine is whether the order awarding temporary alimony and counsel fees is valid or invalid, since it is attacked upon the ground that the plaintiff here was insane, and had been so adjudicated, at the time it was granted. It will be conceded that, if the order awarding temporary alimony ·and counsel fees is not valid, then the judgment of contempt necessarily is invalid and the plaintiff should not have been remanded to jail. In the very early case of *Terry* v. *Buffington,* 11 *Ga.* 338 (5) (56 Am. D. 423), it was stated: "When insanity is·once found, upon an inquisition of lunacy, it is presumed to continue; and the onus is cast upon those offering a will, to show that the disqualification has been removed." See also *Akin* v. *Akin,* 163 *Ga.* 18 (135 S. E. 402), and the cases there cited. However, the presumption that a mental state once proved to exist continues may be rebutted by proof. Code, § 38-118; *Danforth* v. *State,* 75 *Ga.* 614 (4) (58 Am. R. 480); *Allams* v. *State,* 123 *Ga.* 500 (2) (51 S. E. 506); *Ward* v. *Miller,* 143 *Ga.* 164 (84 S. E. 480) ;·*Geer* v. *State,* 184 *Ga.* 805 (3) (193 S. E. 776).

The Code, § 35-206, makes provision for the discharge from the State Hospital of an inmate who is regarded harmless and inoffensive in spirit, and whose return to social life would reasonably involve no danger to the life of those with whom he or she would be associated. With this provision of law in force, and the fact that Strickland admittedly had been only temporarily released from the State Hospital, a presumption of insanity would exist as of the time the order for temporary alimony and counsel fees issued.

The burden, therefore, was upon the respondent, for whose benefit the order was obtained, to overcome by a preponderance of evidence such presumption of insanity. *Allams* v. *State,* supra. By preponderance of evidence is meant that superior weight of evidence upon the issues involved, which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue, rather than to the other. Was this burden carried? We think not, and the trial judge did not affirmatively find that it had been. In the response it is stated that the mind of Strickland was all right when he returned from the hospital in the latter part of 1944, but no evidence was offered in support of this contention; and it is further stated in the response that his mind was all right "until his uncontrolled and ungovernable temper ran away with him." The Ordinary of Jackson County, who presided over the lunacy proceeding and signed the judgment committing Strickland to the State Hospital, testified that there had been no adjudication in his office to the effect that Strickland had been restored to sanity, and that his mind was such that he could not be so adjudged. R. H. Whitlock and Fred B. Smith testified for the respondent as to his reckless expenditure of money, which we think might be a circumstance indicating insanity; and the witness Smith further testified that, while he had not talked with Strickland very much, yet frequently at Smith's place of business Strickland had talked and laughed with other young men, and Smith had seen no signs of his being crazy or mentally unbalanced. This witness, however, did not specifically relate his testimony to the date as of which the order for temporary alimony and counsel fees was granted. The judgment remanding Strickland to jail provided for his release upon the appointment of a guardian to manage his affairs, or if by proper authority he should again be committed to the State Hospital at Milledgeville. We think, and so hold, that the evidence taken as a whole was insufficient to overcome the presumption of insanity as of the date when the order for temporary alimony and counsel fees was granted; and, since the validity of the subsequent judgment adjudicating him in contempt was dependent upon the validity of that order, the court erred in remanding him to jail and in refusing to revoke the order granting temporary alimony and counsel fees.      *Judgment reversed. All the Justices concur.*