32245. TUCKER *v.* AMERICAN SURETY CO. OF NEW YORK.

DECIDED DECEMBER 3, 1948. REHEARING DENIED DECEMBER 15, 1948.

*Randall Evans Jr.*, for plaintiff.

*Jones, Jones & Sparks*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ Section 49-601 of the Code vests jurisdiction in the ordinaries of the several counties for the appointment of guardians for insane persons. Section 49-604 provides for the procedure where a person is liable to have a guardian appointed *or* is subject to be committed to the Milledgeville State Hospital. Hence, it may not always follow that a person eligible to have a guardian will be, at the same time, eligible for admission to the Milledgeville State Hospital. A person might be violently insane, likely to do bodily injury, and have such an estate as to be eligible for both admission into the hospital and for wardship; or a person might be violently insane, and accordingly eligible for admission to the hospital, but, having no estate, there would be no occasion for the appointment of a guardian. On the other hand, a person might suffer from a form of mental incapacity that would authorize the appointment of a guardian, but would not make the person eligible for admission to the State Hospital.

In the instant case, the plaintiff made a demand on the Superintendent of the Milledgeville State Hospital for discharge, and upon his refusal to release her, proceeded to procure such release in the manner provided for in §§ 35-236 and 35-237 of the Code. This proceeding was had pursuant to said Code sections in Baldwin County, on June 18, 1947. On January 5, 1948, the plaintiff proceeded to end the guardianship in the Court of Ordinary

of Ware County in accordance with §§ 49-609 and 49-610 of the Code.

Sections 35-236 and 35-237 of the Code of 1933 first appear as a part of our statutory law as §§ 1304 and 1305 in the Code of 1863. The Milledgeville State Hospital was first established under the name of the Lunatic Asylum by the General Assembly of Georgia of 1841. The name of the institution has been changed by acts relating thereto on numerous occasions since the creation of the institution. Although §§ 35-236 and 35-237 of the Code of 1933 do not spring from a legislative act, they have been carried forward in each Code since the Code of 1863 under the chapter of the several Codes relating to the Milledgeville State Hospital, or that institution by whatever name it was currently called at the time of the adoption of each of the Codes. The history and origin of these Code sections, therefore, indicate that they have dealt and do deal only with a method whereby an inmate of the hospital may be discharged, rather than the eligibility of such inmate to have a guardian removed.

On the other hand §§ 49-609 and 49-610 first appear in the Code of 1863 as §§ 1811 and 1812. These Code sections are taken from the acts of 1855-6 (pages 149, 150). They are carried through each of our Codes under the title "Guardian and Ward." The original act deals with the appointment of guardians for idiots, lunatics, and insane persons, and not with reference to their eligibility for admission to or discharge from the State institution for such persons. Said Code §§ 49-609 and 49-610 were repealed by the acts of 1947, and in lieu thereof the General Assembly enacted the sections codified as §§ 49-610.1 to 49-610.7 inclusive.

The procedure followed by the plaintiff in the Court of Ordinary in Ware County to end the guardianship is void because it was based upon the repealed Code sections, numbers 49-609 and 49-610, instead of the procedure provided for in lieu thereof by §§ 49-610.1 to 49-610.7 inclusive.

The procedure of the plaintiff in the Court of Ordinary of Baldwin County under §§ 35-236 and 35-237, regardless of the recitals contained in the verdict and judgment to the contrary, could accomplish no more than was intended to be accomplished

—that is, only a means by which an inmate of Milledgeville State Hospital may be discharged. The verdict and judgment is res judicata that she was not a fit subject to be detained in the institution. It decides nothing as to whether or not she still needs a guardian.

A person may be eligible to have a guardian and at the same time may not be eligible to become an inmate of Milledgeville State Hospital or to continue as such.

■ Generally a person who has a guardian can not maintain a suit in his own name or by next friend. See Code, § 37-1003; *Stanley* v. *Stanley*, 123 *Ga.* 122 (supra).

In *Holcombe* v. *Lastinger*, 46 *Ga. App.* 320 (167 S. E. 605), it is held as follows: "The guardian of a lunatic or an imbecile is entitled to retain possession and control of his ward's property so long as the ward remains mentally incompetent, unless his letters of guardianship be revoked and another guardian appointed; and an action by an ordinary, suing as next friend of the ward, upon the guardian's bond, for a devastavit committed by the guardian, can not be maintained, unless in connection therewith a proceeding be brought to remove the guardian and revoke his letters."

In the instant case, the procedure to end the guardianship is void. Therefore, in accordance with the rule in the *Holcombe* case, supra, there is no proceeding in connection with this action to remove the guardian and revoke his letters.

Therefore it follows that—construing the petition most strongly against the plaintiff who is the pleader, and it appearing that she has a guardian against whom no valid procedure has been brought for his removal, or for an accounting—she can not either in her own name or as next friend maintain her action, however adverse the interest of the guardian may be to hers. If such interest is adverse, it is because he is guilty of laches, in which case he is subject to removal, even if the plaintiff has not recovered mentally. Of course, if she has recovered and can proceed to establish that fact under §§ 49-610.1 to 49-610.7 inclusive, she is entitled to have him removed irrespective of whether or not he is guilty of laches.

We think that, had the procedure instituted by the plaintiff

under the repealed §§ 49-609 and 49-610 been instituted under §§ 49-610.1 to 49-610.7 of the Code (Ann. Supp.), the plaintiff would have been entitled to proceed with the instant suit. However, since the procedure to end the guardianship was brought under the repealed sections of the Code, the same must be held as void, resulting in no proceeding to revoke the letters of the guardian in connection with the action in the instant case.

Accordingly, the judgment of the trial court sustaining the demurrer and dismissing the petition is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*