## MOORE *v.* MOORE.

CANDLER, Justice. The assignment of error on a judgment of the trial court overruling a demurrer to a petition of an insane wife by a next friend, seeking temporary and permanent alimony, presents two questions: (1) can such an action be maintained by a next friend; and (2) are the allegations of the amended petition sufficient to show an abandonment of the wife or a separation of the parties entitling the wife to alimony? *Held:*

1. "A lunatic, or person non compos mentis, having no legal guardian, may sue by any competent person as next friend." *Dent* v. *Merriam,* 113 *Ga.* 83 (2) (38 S. E. 334); *Strickland* v. *Strickland,* 201 *Ga.* 293 (39 S. E. 2d, 483). The authority to act as next friend, and to control,

direct, and conduct a case being derived from the court (*Mize* v. *Harber*, 189 *Ga.* 737, 8 S. E. 2d, 1), the appointment of a guardian ad litem is unnecessary. *Reese* v. *Reese*, 89 *Ga.* 645, 651 (15 S. E. 846). An independent suit for temporary and permanent alimony is not "strictly personal" to the wife as it is in a suit for divorce (*Sternberg* v. *Sternberg*, 203 *Ga.* 298, 46 S. E. 2d, 349); and, where there is no legal guardian, and no showing that the next friend is not a suitable person, or that the interest of the insane person will not be properly protected, such an action can be maintained by a next friend. *Grinnell* v. *Grinnell*, 174 *Ga.* 904 (164 S. E. 681). See also *Thomas* v. *Thomas*, 145 *Ga.* 111 (88 S. E. 584); *Spooner* v. *Spooner*, 148 *Ga.* 612 (97 S. E. 670); *Akin* v. *Akin*, 163 *Ga.* 18 (135 S. E. 402).

2. The plaintiff alleged in the original petition that "said plaintiff and said defendant are living in a bona fide state of separation," and in the amendment thereto that "defendant completely abandoned plaintiff at the time of her insanity, and has had no relation with her or done anything for her since that time." The Code, § 30-213, permits a suit for alimony, where there is no action for divorce pending, "when husband and wife shall be living separate, or shall be bona fide in a state of separation." Section 30-210 provides that "permanent alimony shall be granted" not only "in cases of divorce," but "in cases of voluntary separation" as well as "where the wife, against her will, shall either be abandoned or driven off by her husband." Under these sections of our Code, which must be construed in pari materia (*Fulenwider* v. *Fulenwider*, 188 *Ga.* 856, 866, 5 S. E. 2d, 20), the allegations of the petition were sufficient to state a cause of action for temporary and permanent alimony.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Head, J., who dissent from the ruling in the first division of the opinion.*

No. 16642. MAY 12, 1949.

*George Y. Harrell*, for plaintiff in error.
*Cleveland Rees* and *R. S. Wimberly*, contra.