CHAPMAN *v.* GILES.

No. 18011. Argued November 12, 1952—Decided January 12, 1953—
Rehearing denied February 9, 1953.

*Johnson, Hatcher, Rhudy & Meyerson,* for plaintiff in error.
*Shirley C. Boykin, D. S. Strickland* and *Robert J. Noland,* contra.

DUCKWORTH, Chief Justice. "Persons not sui juris may appear either by guardian or next friend or guardian ad litem appointed by the court. In the latter two cases the court may require such bond as shall protect the interest of the person under disability." Code, § 37-1003. The foregoing clause expressly authorizes the maintenance of a suit in the name of a minor by next friend. It is not permissible, therefore, to question this statutory right. In the present case a suit in the name of the minor by next friend was, pursuant to the foregoing statute, duly filed at a time when the minor had no guardian. The issue here presented is whether or not a person who was subsequently appointed guardian by the ordinary, but whose order of appointment was superseded by an appeal which is still pending in the superior court, was entitled to have the next friend enjoined from proceeding with that suit. We have found no law and none is cited by counsel to the effect that, although the suit by next friend was brought in virtue of express statutory authority, and although there was no guardian at the time qualified or seeking to institute that suit, yet this lawful procedure by next friend must abate solely because, after it had been instituted in the foregoing manner, the ordinary had appointed another as guardian of the minor. In *Dent* v. *Merriam,* 113 *Ga.*

83, 84 (38 S. E. 334), this court said: "The court below unquestionably erred in ruling that the suit was improperly brought because instituted by next friend instead of by guardian. Our law distinctly states that persons not sui juris may appear either by guardian or next friend, or guardian ad litem appointed by the court." If a minor may appear by either, as declared by the statute, it can not be correctly held that he must appear by one and can not appear by either of the other two. The facts in this case, however, do not require a ruling that would go so far as to hold that when a minor has a guardian, in the absence of special circumstances, he may, nevertheless, sue by next friend, since there was no guardian when the suit by the next friend was instituted. While counsel for the plaintiff in error, citing certain portions of the opinion in *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (22 S. E. 2d, 143) relating to special demurrers, contend that the ruling there made in headnote (4) is inapplicable here, we must reject that contention for the reason that the ruling in headnote (4) is clear-cut and is an unqualified ruling that, although it appears that a minor has a guardian, a suit in his name by next friend is good at law and so good until it is not subject to a general demurrer. That ruling is as follows: "Nor is a suit in the name of a minor by another person as next friend subject to general demurrer because it was not brought by a guardian, even though it may appear that the minor had a guardian at the time the suit was filed." If necessary to a decision here, we could probably demonstrate that the decisions cited by counsel for the plaintiff in error—*La Grange Mills* v. *Kener,* 121 *Ga.* 429 (49 S. E. 300); *Stanley* v. *Stanley,* 123 *Ga.* 122 (51 S. E. 287); *Wood* v. *Wood,* 200 *Ga.* 796 (38 S. E. 2d, 545); *Tucker* v. *American Surety Co. of N. Y.,* 78 *Ga. App.* 327 (50 S. E. 2d, 859)—are not binding authority in conflict with the above quotation from the *Pardue* case, supra; but since, as pointed out above, there was no guardian in the present case, we go no further than to hold that the suit here by the next friend, which it is sought to enjoin, is a perfectly lawful procedure and is not dependent upon the choice or decision of a subsequently appointed guardian whose appointment was superseded by an appeal which is still pending in the superior court.

The foregoing ruling is controlling and requires a judgment of affirmance. It is, therefore, unnecessary to deal here with the further question that counsel have argued extensively, which is whether or not one in the position of the plaintiff in error has any interest or is authorized to plead or take any action as guardian until the question of his appointment has been adjudicated by a determination of the appeal therefrom to the superior court.

*Judgment affirmed. All the Justices concur, except Head, J., who concurs specially, and Atkinson, P. J., and Wyatt, J., not participating.*