## 36150. BARNETT *v.* BARNETT.

FELTON, C. J. In March, 1955, Henry T. Barnett was declared in the Court of Ordinary of Cobb County to be insane. In April, 1946, Mrs. Emma Lee Barnett, wife of Henry T. Barnett, was appointed guardian of the property of her husband. On March 16, 1955, Mr. Barnett was committed to the Milledgeville State Hospital upon the order of the Court of Ordinary of Cobb County. On April 13, 1955, in a proceeding under Ga. L. 1953, Nov.-Dec. Sess., pp. 321-323 (Code, Ann. Supp., §§ 35-236, 35-237), a jury found Mr. Barnett to be sane and his release from the Milledgeville State Hospital was ordered. Subsequently, Henry T. Barnett petitioned the Court of Ordinary of Cobb County to revoke the letters of guardianship of Mrs. Barnett on the strength of the judgment of the Baldwin Superior Court. The parties waived judgment of the court of ordinary and agreed that the case be appealed to the Superior Court of Cobb County. Mrs. Barnett's general demurrer to the petition as amended was sustained, the action was dismissed, and Mr. Barnett excepts. *Held:*

1. The revocation of letters of guardianship issued in the case of an insane person cannot be revoked merely on the strength of a judgment ordering the release of the ward from the Milledgeville State Hospital, rendered under Ga. L. 1953, pp. 321-323. The proper procedure in such a case is as set out in Ga. L. 1947, pp. 1174-1177, Ga. L. 1952, pp. 188, 189, and Ga. L. 1953, Nov.-Dec. Sess., pp. 353-355 (Code, Ann. Supp., §§ 49-610.1—49-610.6); *Strickland* v. *Peacock*, 209 Ga. 773 (77 S. E. 2d 14); *Tucker* v. *American Surety Co. of N. Y.*, 78 Ga. App. 327 (50 S. E. 2d 859). Ga. L. 1955, pp. 347-350, and Ga. L. 1953, Nov.-Dec. Sess., pp. 353-355, did not change the law as announced in the above-cited cases.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED APRIL 19, 1956.

*Woods & Southard, William F. Woods,* for plaintiff in error.
*Scott S. Edwards, Jr., Claud M. Hicks,* contra.